**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ACORN INDUSTRIAL PRODUCTS CO.,** : | |
| Plaintiff, : | |
| v. : | Civ No. 23-4780 |
| **ACORN INDUSTRIAL INC.;** : | |
| **and DELIANG LI** : | |
| Defendants. : | |

### STIPULATED CONSENT DECREE AND PERMANENT INJUNCTION

WHEREAS, on December 4, 2023, Acorn Industrial Products Co., ("Acorn Industrial Products" or "Plaintiff") filed the above-captioned action against Defendants Acorn Industrial, Inc. ("Acorn Industrial") and Deliang Li ("Li") (collectively, "Defendants") (together with Acorn Industrial Products, the "Parties") (Dkt. 1);

WHEREAS, Defendants were duly served with process in the above-captioned action on December 26, 2024 (Dkts. 9 & 10);

WHEREAS, Defendants filed an Answer on April 1, 2024 (Dkt. 17);

WHEREAS, Jingwen Li, the sibling of Defendant Li, is working in active concert and participation with Defendants and appeared as the sole party representative for Defendants at the May 16, 2024 Case Management Conference (Dkt. 23);

WHEREAS, the Parties have agreed to a resolution of this action on the terms set forth in this Stipulated Consent Decree and Permanent Injunction ("Consent Decree"); and

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

IT IS HEREBY STIPULATED AND AGREED by the Parties and ORDERED, ADJUDGED, AND DECREED by the Court as follows:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. The Parties stipulate to the facts set forth in paragraphs 4 through 18.

4. Acorn Industrial Products is a leading manufacturer of casters, wheels, metalworking tools, components, and related industrial products (collectively, "Plaintiff's Goods").

5. Acorn Industrial Products markets and sells Plaintiff's Goods at wholesale to distributors and directly to customers through salespeople, catalogues, and online retail sales (collectively, "Plaintiff's Services" and, together with Plaintiff's Goods, "Plaintiff's Goods and Services").

6. Acorn Industrial Products has used ACORN INDUSTRIAL PRODUCTS as a trade name for its industrial products business (the "Trade Name") and ACORN and ACORN INDUSTRIAL PRODUCTS as a trademark and service mark for Plaintiff's Goods and Services (collectively, the "ACORN Marks") in the Commonwealth of Pennsylvania and throughout the United States since at least as early as 1957, with such use and associated goodwill associated exclusively with Acorn Industrial Products.

7. In addition to its common law rights, Acorn Industrial Products owns federal U.S. Reg. No. 3052785 (the "Registration") for the trademark ACORN in connection with "WHOLESALE DISTRIBUTORSHIP SERVICES, MAIL ORDER AND CATALOG SERVICES, AND ONLINE RETAIL STORE SERVICES FEATURING CASTERS AND WHEELS" in Class 35, which has obtained incontestable status.

8. As a result of its widespread, continuous, and exclusive use of the Trade Name and ACORN Marks to identify Plaintiff's Goods and Services and Plaintiff as their source since 1957, and its ownership of the incontestable Registration, Plaintiff owns valid and subsisting federal statutory and common law rights in and to the Trade Name and ACORN Marks in the Commonwealth of Pennsylvania and throughout the United States.

9. As an additional result of its widespread, continuous, and exclusive use of the Trade Name and ACORN Marks, the ACORN Trademarks have come to signify the high quality of Plaintiff's Goods and Services, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff in the Commonwealth of Pennsylvania and throughout the United States.

10. Acorn Industrial Products exclusively owns and has standing to sue for infringement of its Trade Name and the ACORN Marks and the goodwill associated therewith, including, without limitation, all rights arising from its common law rights in the Trade Name and the ACORN Marks and the incontestable Registration.

11. Defendants acknowledge the validity, protectability, and enforceability of the Trade Name and ACORN Marks and hereby forever and irrevocably waive and relinquish the right to contest the ownership, validity, protectability, and/or enforceability of the Trade Name and

ACORN Marks, including any registration therefore, in any court proceeding and/or any administrative proceeding.

12. Defendants have used the name and trademark ACORN, including as part of the designation ACORN INDUSTRIAL, in connection with goods and services marketed through various media.

13. Defendant Acorn Industrial was incorporated on or around April 1, 2021 and Defendants have since been using "ACORN INDUSTRIAL, INC." and "ACORN INDUSTRIAL" as a business name and trade name (collectively, the "Infringing Name") in the Commonwealth of Pennsylvania and throughout the United States.

14. Since at least as early as 2021, Defendants have been using "ACORN INDUSTRIAL" as a trademark and service mark (the "Infringing Mark") in connection with the supply of industrial parts to the federal government and defense agencies and the retail sale of industrial parts to the general public (collectively, the "Defendants' Goods and Services") in the Commonwealth of Pennsylvania and throughout the United States, which are overlapping with Plaintiff's Goods and Services.

15. Defendants' use of the ACORN name or mark, whether alone and in combination with other terms may be likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' Goods and Services and may be likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' Goods and Services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

16. Defendants have registered and used the domain name <acorn-industrial.com> (the "Infringing Domain") since 2021, which is identical or substantially similar to Plaintiff's ACORN Marks. Plaintiff's ACORN Marks were distinctive and federally registered at the time of

Defendants' registration of the Infringing Domain. Defendant Acorn Industrial is the current registrant of the Infringing Domain.

17. Defendants registered, trafficked in, and/or used the Infringing Domain in interstate commerce.

18. Defendant Li is the sole owner and CEO of Defendant Acorn Industrial and intentionally directs, authorizes, and controls all of the activities of Defendant Acorn Industrial.

19. Defendants explicitly consent to the entry of judgment contemplated by Paragraph 20 and entry of this Consent Decree.

20. Accordingly, the Court hereby enters judgment against Defendants on all counts alleged in the Complaint (Dkt. 1).

21. Jingwen Li explicitly agrees to be bound by the terms of this Consent Decree.

22. As of the date of this Consent Decree, and except as explicitly set forth below, Defendants shall cease all use of the ACORN name and mark. Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants, including, without limitation, Jingwen Li, are permanently enjoined and restrained from directly or indirectly:

   (a) manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise, or promote any goods or services bearing the mark ACORN or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ACORN Marks;

   (b) using in any manner, packaging, labels, signs, literature, display cards, Internet websites, social media, or other packaging, advertising, or promotional materials,

or other materials of any marks, words or names that are confusingly similar to the ACORN Marks;

(c)     creating any new entity, corporate name, trade name, fictitious name, or other identifier that incorporates "ACORN" or any other term that infringes or is likely to be confused with Plaintiff's ACORN Marks;

(d)     engaging in any activity that infringes Plaintiff's rights in its ACORN Marks;

(e)     engaging in any activity constituting unfair competition with Plaintiff;

(f)     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(g)     using, owning, registering or applying to register any trademark, service mark, domain name, trade name, corporate name, or other source identifier or symbol of origin consisting of or incorporating the mark ACORN or any other mark that infringes or is likely to be confused with Plaintiff's Trade Name or the ACORN Marks; and

(h)     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 22(a) through paragraph 22(f).

23.     Immediately following entry of this Consent Decree, Defendants shall initiate the process of (i) formally changing the name of Defendant Acorn Industrial, Inc. to remove the term "ACORN" and adopt a new name that is not likely to be confused with Plaintiff's ACORN Marks

or Trade Name; and (ii) removing the term ACORN or any other term that infringes or is likely to be confused with Plaintiff's ACORN Marks or Trade Name from any Commercial and Government Entity Code record assigned to any entity owned, operated, or controlled by any of Defendants and any active government contracts to which Defendants are a party ("Corporate Name Change").

24. Defendants' obligations with respect to the Corporate Name Change include the following, without limitation:

(a) Defendant Acorn Industrial, Inc. will not enter into any new government contracts until the Corporate Name Change is complete;

(b) Defendants shall use their best efforts to complete the Corporate Name Change as quickly as possible;

(c) The Court will actively monitor Defendants' compliance with its obligations to use their best efforts to complete the Corporate Name Change as quickly as possible. Defendants shall provide a detailed plan of action for completing the Corporate Name Change in the Initial Compliance Report, as set forth in Paragraph 27 below. Thereafter, and until the Corporate Name Change is completed, Defendants shall file with the court and serve upon Plaintiff's counsel a monthly report, signed under oath and filed on the 15th day of every month, setting forth in detail the actions taken by Defendants over the previous month to complete the Corporate Name Change as quickly as possible, including without limitation, the actions taken, the estimated date of completion and the basis for any purported delay;

(d) If at any time the Court finds that Defendants have failed to use their best efforts to complete the Corporate Name Change as quickly as possible, this Court shall

order the dissolution of the Acorn Industrial, Inc. entity (in addition to any other remedies provided for under the terms of this Consent Decree and the law); and

25. Within three days (3) of entry of this Consent Decree, Defendants shall:

    (a) remove the term ACORN and any other terms that infringe or are likely to be confused with Plaintiff's ACORN Marks from all websites and social media accounts owned, operated, or controlled by any of Defendants; and

    (b) completely deactivate the website hosted at the Infringing Domain, including, without limitation, removing any redirect links between the Infringing Domain to and from any purported new domain(s).

26. Within fifteen days (15) of entry of this Consent Judgment and Permanent Injunction, Defendants shall:

    (a) destroy any advertising, signs, banners, posters, brochures, or other materials bearing the term ACORN or any other term that infringes or is likely to be confused with Plaintiff's ACORN Marks; and

    (b) transfer ownership of the Infringing Domain to Plaintiff or its authorized agent.

27. Defendants shall file with the court and serve upon Plaintiff's counsel within twenty (20) days after entry of this Consent Decree a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied therewith ("Initial Compliance Report").

28. Defendants shall provide a copy of this Consent Decree to all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or

companies in active concert or participation with Defendants, including, but not limited to, non-party Jingwen Li. Defendants shall provide notice of the same to Plaintiff through its counsel.

29. This Consent Decree constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

30. This Consent Decree shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and acquiring companies.

31. Defendants waive any and all right to an appeal from this Consent Decree.

32. If any Defendant fails to comply with any provision of this Consent Decree, including any time frame imposed by this Consent Decree, Defendants agree to pay to Plaintiff liquidated damages in the sum set by the Court for each day such violation continues. Defendants understand and agree that the liquidated damages specified in this paragraph are not punitive in nature and their imposition does not in any way limit Plaintiff from seeking, or the Court from imposing, any other relief which may be available, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

33. Should Plaintiff bring and prevail on an action or request to enforce this Consent Decree, Defendants shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees, expert witness fees, travel expenses incurred by attorneys, and any other costs or fees related to such enforcement action or request.

34. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Decree.

35. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

36. Within fourteen (14) days of Defendants' full compliance with the terms in this Consent Decree, the Parties shall file a Stipulation of Dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a).

**SO ORDERED** this 4th day of October, 2024

/s/ Paul S. Diamond
THE HONORABLE PAUL S. DIAMOND
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

Dated: October 3, 2024     ACORN INDUSTRIAL PRODUCTS CO., a Pennsylvania corporation
By: MARJORIE FINLEY

Dated: October ___, 2024     ACORN INDUSTRIAL INC., a Delaware corporation
By: Deliang Li

Dated: October ___, 2024     DELIANG LI, an individual
Deliang Li

Dated: October 3, 2024     JINGWEN LI, an individual

Approved as to Form and Submitted by:

Dated: October 3, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

_/s/ Samantha Southall_
Samantha L. Southall (Pa. I.D. No. 80709)
Jayme C. Bronson (Pa. I.D. No. 325481)
Two Liberty Place, Suite 3200
Philadelphia, Pennsylvania 19102
Telephone: (215) 665-3800
Facsimile: (215) 665-8760
samantha.southall@bipc.com
jayme.bronson@bipc.com

**BUCHANAN INGERSOLL & ROONEY PC**

John M. Nading (admitted _pro hac vice_)
1700 K Street, N.W., Suite 300
Washington, DC 20006-3802
Telephone: (202) 452-7949
Facsimile: (202) 452-7989
john.nading@bipc.com

**BUCHANAN INGERSOLL & ROONEY PC**

Laura K. Pitts, Esquire (admitted _pro hac vice_)
1737 King Street, Suite 500
Alexandria, VA 22314
Telephone: (703) 836-6620
Facsimile: (703) 836-2021
laura.pitts@bipc.com

_Counsel For Plaintiff Acorn Industrial Products Co._

**ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE, MATTHEWS & AUSLANDER, P.C.**

Patrick T. Henigan, Esq. (Pa. I.D. No. 49448)
300 West State Street, Suite 300
Media, PA 19063
phenigan@eckellsparks.com

_Counsel for Defendants Acorn Industrial Inc. and Deliang Li_